UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LORRAINE HASSOUNA,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, *et al.*,<br><br>Defendants. | Case No. 2:20-cv-02179-JAM-JDP (PS)<br><br>SCREENING ORDER<br><br>ECF No. 1<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff, who proceeds without counsel, alleges that she was harassed and mistreated while seeking emergency medical care. She seeks to bring her case in federal court without prepaying fees; this triggers the screening process. On screening, plaintiff fails to state a federal claim, but she will be given leave to amend.

**FACTUAL ALLEGATIONS**

On June 24, 2020, plaintiff, who had a history of pulmonary embolisms and pericarditis, had chest pain and asked a friend to call an ambulance. ECF No. 1 at 2-3. Plaintiff was high on marijuana at the time. *Id.* at 2-3. She alleges that when a Sacramento City Fire Department team arrived, one particular responder, "Firefighter John Doe"—named as a defendant—was "very

aggressive" toward her and tried to rush her along. *Id.* When plaintiff complained of chest pain, he told her, in front of her children, "you're just high." *Id.* at 4.

First responders, including Firefighter Doe, transported plaintiff by ambulance to the triage area of UC Davis Medical Center's emergency department.[1] *Id.* at 4. There, a triage nurse, "Jane Doe 1," began asking responders about plaintiff's treatment. *Id.* Jane Doe 1 shouted at plaintiff about her symptoms and medical history. *Id.* Although plaintiff asked her not to shout, she continued shouting health information and degrading plaintiff. *Id.* Firefighter Doe made lewd comments about plaintiff, stating, among other things, "she's high as balls" and laughing with other responders. *Id.*

Firefighter Doe wheeled plaintiff down the hallway and stopped at a nurse's station to chat with a white female nurse, "Jane Doe 2." *Id.* at 5. He called plaintiff "hallway entertainment," and Jane Doe 2 laughed at this. *Id.* Firefighter Doe wheeled plaintiff to a bed and stood beside her while a third nurse, "Jane Doe 3," began collecting equipment to perform an EKG. *Id.* Apparently in anticipation of the EKG procedure, Firefighter Doe "started grabbing at [p]laintiff's shirt, lifting it forcefully." *Id.* Plaintiff asked him to wait because she did not have on a bra, but apparently he did not. *Id.* at 6, 51. Plaintiff's bed was in the hallway of the ER, so that her breasts were exposed to other patients and staff. *Id.* at 5, 51. Plaintiff is a black woman. The Doe defendants are all white.

Plaintiff immediately reported this incident to Jane Doe 3 and a treating physician, "Jane Doe 4." *Id.* at 6-7. Plaintiff also requested review of the incident with UC Davis and the Sacramento Fire Department. *Id.* at 8-11, 51. The Sacramento Fire Department found the conduct of its employee to be improper and took corrective action. *Id.* at 94. Plaintiff alleges that UC Davis did not meaningfully investigate her complaint and continued to treat her in a negligent and discriminatory manner even as she attempted to resolve this issue without litigation. *Id.* at 7-10, 11. At the close of UC Davis's internal investigation, Sedgwick, a third-party administrator for the Regents of the University of California, found that Regents was "not liable for [plaintiff's]

---

[1] Defendant Regents of the University of California does business as UC Davis Medical Center. ECF No. 1 at 2.

1  alleged injuries" and that there was "insufficient evidence presented to support [plaintiff's] claim
2  of mistreatment." *Id.* at 138.

## DISCUSSION

Plaintiff's affidavit satisfies the requirements to proceed without prepaying fees. *See* 28 U.S.C. § 1915(a). Her motion to proceed *in forma pauperis*, ECF No. 2, is granted.

This complaint is now subject to screening under 28 U.S.C. § 1915(e). A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Plaintiff brings claims related to her treatment during an emergency medical visit, naming as defendants the Regents of the University of California and several Doe individuals. She alleges violations of Title VI of the Civil Rights Act of 1964, the Equal Protection Clause through 42 U.S.C. § 1983, the Healthcare Portability and Accountability Act of 1996, and various state

laws, seeking monetary damages.  I will evaluate her claims arising under federal , which would provide the basis for this court's subject matter jurisdiction.  *See* 28 U.S.C. § 1331.

Plaintiff first seeks to bring a Title VI claim against the Regents of the University of California.  "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d-2000d-7, is spending-power legislation that fixes terms for disbursement of federal funds.  *Barnes v. Gorman*, 536 U.S. 181, 185 (2002).  It allows private individuals to sue for compensatory damages and injunctive relief, but not punitive damages.  *Id.* at 187-89.  Because Congress intended funding recipients to have a choice between (1) complying with the Civil Rights Act and receiving funds or (2) giving up the funds and not being subject to the Civil Right Act, "Title VI itself directly reach[es] only instances of intentional discrimination."  *Alexander v. Sandoval*, 532 U.S. 275, 281 (2001) (internal citation and quotation marks omitted); *see also Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 (9th Cir. 2003) (recognizing that there is no "right to be free from racially disparate effects" that are unintentional).  The entity involved must be engaged in intentional discrimination and be the recipient of federal funding.  *Monteiro v. Tempe Union High School Dist.*, 158 F.3d 1022, 1026 (9th Cir. 1998).

The Equal Protection Clause grants "the right to be free from invidious discrimination in statutory classifications and other governmental activity."  *Harris v. McRae*, 448 U.S. 297, 322 (1980).  "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class."  *Furnace v. Sullivan*, 705 F.3d 1021, 1030 (9th Cir. 2013) (quotation marks and citation omitted).

Here, plaintiff alleges that she was treated poorly, but she does not allege facts showing discriminatory intent or treatment.[2]  She does not point either to policies or practices resulting in

---

[2] Plaintiff does allege that the Regents of the University of California is a recipient of federal funding subject to Title VI.

4

1   disparate outcomes for the medical care of female or black patients, or instances of disparate
2   treatment of similarly situated individuals such as could support a finding that her poor treatment
3   was intentionally connected to her race or gender. *See Rashdan v. Geissberger*, 764 F.3d 1179,
4   1183 (9th Cir. 2014) (recognizing that derogatory statements about a protected class are not
5   sufficient to establish discrimination unless they are "excessive and opprobrious" and holding that
6   reference to a student's subpar clinical performance as "Third World dentistry" was not sufficient
7   to show discriminatory motive based upon ethnicity); *see also Grant v. Alperovich*, No. C12-
8   1045-RSL, 2014 WL 1317611, at *2 (W.D. Wash. Mar. 27, 2014) (allegations of disparity for
9   health care research and treatment of minorities recognized in the Parity Act were found
10  insufficient to show intentional discrimination regarding plaintiff's recovery from gastric bypass
11  surgery on summary judgment); *see also* 28 C.F.R. § 42.104(b) (listing seven types of
12  discriminatory actions prohibited under Title VI).

13  Plaintiff also fails to allege sufficient facts to infer discriminatory intent on the part of the
14  Regents of the University of California; most of the interactions in the complaint occur between
15  plaintiff and Firefighter Doe, who was not a hospital employee. Even if plaintiff had alleged
16  discriminatory intent, her complaint still would not state a claim for discrimination because she
17  does not allege that she was denied equal access to medical services because of her race or
18  gender. *See Grant*, 2014 WL 1317611, at *2. Plaintiff will be given leave to amend.

19  Plaintiff's only remaining federal claim is that a Doe defendant who is a nurse violated her
20  rights under the Healthcare Portability and Accountability Act of 1996 ("HIPAA") by shouting
21  out plaintiff's private medical information. This claim fails because "HIPAA itself provides no
22  private right of action." *Webb v. Smart Document Sols., LLC*, 499 F.3d 1078, 1081 (9th Cir.
23  2007).

24  I will allow plaintiff a chance to amend her complaint before recommending that this
25  action be dismissed.[3] If plaintiff decides to file an amended complaint, the amended complaint

---

[3] Plaintiff also asserts various state law claims. In a civil action where a district court has original jurisdiction, but the claims over which the federal court has original jurisdiction are abandoned or dismissed, the court "may decline to exercise supplemental jurisdiction" over the related state law claims. 28 U.S.C. § 1367(c). The decision to retain or decline jurisdiction must

5

1  will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

## CONCLUSION

Accordingly, plaintiff's motion to proceed in forma pauperis, ECF No. 2, is granted. Plaintiff has thirty days from the date of entry of this order to file an amended complaint.

IT IS SO ORDERED.

Dated:   November 8, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

be made in light of "the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 925, 64 F. App'x 60 (9th Cir. 2003). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). If a plaintiff does not state any federal claims, the court will decline to exercise supplemental jurisdiction over her state law claims. *Parra v. PacifiCare of Ariz. Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013) ("[O]nce the district court, at an early stage of the litigation, dismissed the only claim over which it had original jurisdiction, it did not abuse its discretion in also dismissing the remaining claims.").